IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE WHITSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00164 |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | JURY |
| INSURANCE COMPANY, JAMES BURT, | § | |
| AND NICHOLAS MORTON, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Fire and Casualty Insurance Company ("Allstate") or ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1.      On or about December 13, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled: *Jane Whitson v. Allstate Fire and Casualty Insurance Company, James Burt and Nicholas Morton;* Cause No. 16-12-14376; In the County Court at Law No. 2, Montgomery County, Texas, in which Plaintiff made a claim for damages under her homeowner's insurance policy with Allstate Fire and Casualty Insurance Company following a windstorm/hailstorm. Allstate Fire and Casualty Insurance Company received this petition on December 19, 2016. Defendant files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

2. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Montgomery County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Defendant Allstate Fire and Casualty Insurance Company's Original Answer.* Attached hereto as Exhibit "C" is the Designation of Counsel.

## *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4. Plaintiff is, and was at the time the lawsuit was filed, citizen of the State of Texas. *See* Plaintiff's Original Petition, ¶2.

5. Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

6. With respect to the claims against Nicholas Morton, it is Allstate's position that he has been fraudulently joined in this action. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

7. Here, based on Plaintiff's vague allegations in Plaintiff's Original Petition, there is no basis to reasonably predict that Texas law might impose liability on Nicholas Morton because no real facts relating to him have been set forth. The allegations against Nicholas

Morton appear to simply be a recasting of those against Allstate Fire and Casualty Insurance Company.

8. Although Plaintiff's Original Petition does not state Defendant James Burt's citizenship, he is, and was at the date the Plaintiff's Original Petition was filed, a citizen of the State of Kansas.

9. Plaintiff asserts causes of action for breach of contract due to Allstate's failure to provide adequate compensation under her homeowner's policy, for violation of the Texas Insurance Code, for fraud and for breach of the duty of good faith and fair dealing. Specifically, the breach of contract claim is only proper against Allstate, the insurer and entity who issued the policy in dispute. Any alleged violation of the Texas Insurance Code, for bad faith, or fraud is predicated on a finding that Allstate breached the insurance policy issued to Plaintiff. Thus, these allegations can only apply to Allstate. Accordingly, Plaintiff's claims against Nicholas Morton for violation of the Texas Insurance Code or for fraud can only apply to Allstate.

10. In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient

amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiff's Original Petition clearly states that Plaintiff seeks damages in excess of $100,000.00. *See* Plaintiff's Original Petition, ¶97. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

12. Allstate Fire and Casualty Insurance Company was first served with the petition on December 19, 2016. Allstate Fire and Casualty Insurance Company files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the State Court action are attached to this Notice.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate Fire and Casualty Insurance Company files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the County Clerk of Montgomery County promptly after Allstate Fire and Casualty Insurance Company files this Notice.

Respectfully submitted,

*/s/Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on January 18, 2017, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Chad T. Wilson
Stephen Mengis
CHAD T. WILSON LAW FIRM PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Email: eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

*/s/Jay Scott Simon*
Jay Scott Simon